2014 Ark. App. 514

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–203

|  |  |
|---|---|
|  | **Opinion Delivered** October 1, 2014 |
| ANGELA POSS and GEORGE BRUMLEY | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| APPELLANTS | [NO. JV-2012-785] |
| V. | HONORABLE STACEY ZIMMERMAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and G.B. and C.F., MINORS | AFFIRMED IN PART; MOTION TO WITHDRAW GRANTED IN PART; REBRIEFING ORDERED IN PART; MOTION TO WITHDRAW DENIED IN PART |
| APPELLEES |  |

## BRANDON J. HARRISON, Judge

Angela Poss and George Brumley appeal the Washington County Circuit Court's termination of their parental rights to G.B. and C.F. Counsel has filed a motion to withdraw as counsel and a no-merit brief stating that there are no meritorious grounds to support an appeal for either parent. Ark. Sup. Ct. R. 6-9 (2013); *Linker-Flores v. Ark. Dep't Human Servs.*, 359 Ark. 131, 194 S.W. 3d 739 (2004). Our court's clerk sent a copy of counsel's motion and brief to Poss and Brumley, informing them that they had the right to file pro se points for reversal. *See* Ark. Sup. Ct. R. 6-9(i)(3). Both parents did so. We affirm and grant counsel's motion to withdraw as to the mother, Angela Poss; we deny counsel's motion to withdraw as to the father, George Brumley, and order counsel to rebrief Brumley's case as a merit appeal.

I. *History*

G.B. (age 9) and C.F. (age 7) were removed from Angela Poss's custody in October 2012 after she was arrested for terroristic threatening, third-degree assault on a family member, and second-degree endangering the welfare of a minor, and there was no other legal caretaker for the children. When the removal occurred, G.B.'s father, George Brumley, was in prison.

The court adjudicated the children dependent-neglected in November 2012. The adjudication order states that Poss was arrested for being out of control and that she had a history of illegal-drug use. The court ordered her to refrain from illegal-drug use, submit to weekly drug screens, complete parenting classes, participate in individual counseling and follow all recommendations, receive a psychological evaluation, maintain stable housing, find employment, and keep a safe, clean home. As for Brumley, the court ordered him to take classes if they were offered in prison, maintain stable housing and employment, maintain a safe, clean home, participate in individual counseling, and not use illegal drugs. The court order also authorized Brumley to send appropriate letters and cards to the children and make phone calls to G.B. at the foster parents' discretion. The court did not order any child support from either parent.

The court held a review hearing in May 2013 and found that Brumley was still incarcerated and took self-improvement classes in prison. Poss, on the other hand, had failed a drug test and her visits with the children were suspended until she could pass one drug test. The case goal remained reunification.

The permanency-planning hearing order, entered in September 2013, stated that Poss tested positive for meth and amphetamines and that Poss had admitted drug use to the DHS supervisor, Angela Wood. The court noted that although Poss had participated in individual counseling, received a psychological evaluation, and stayed in touch with the caseworker, she still had not complied with all the court orders because she missed seven drug screens, had a positive hair-follicle test, and lacked stable housing. Turning back to Brumley, the court found that he was the legal father of G.B., that he remained incarcerated and, although he had taken various parenting, life-skills, and sobriety classes in prison, Brumley could not care for the children "as he is in prison and will be for [the] next nine months." The court's order characterized Brumley's participation in reunification services as minimal; yet it also stated from the bench during the termination hearing that "DHS can't provide services" to Brumley while he's in prison. The court changed the case goal from reunification to adoption.

DHS filed a petition for termination of parental rights in October 2013. The petition alleged that termination was in the children's best interest and that four separate statutory grounds existed to support termination.

Three statutory grounds were alleged to apply to both parents:

1. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*). That a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

2. Ark. Code Ann. § 9-27-341(b)(3)(B)(ii)(*a*). The juvenile has lived outside the home of the parent for a period of twelve (12) months, and the parent has willfully failed to provide significant material

support in accordance with the parent's means or to maintain meaningful contact with the juvenile.

3. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*). That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

A fourth statutory ground was pled solely against Brumley:

4. Ark. Code Ann. § 9-27-341(b)(3)(B)(viii)(*a*). The parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life[.]

The court held the termination hearing in December 2013. After receiving testimony the court terminated Poss's and Brumley's parental rights. The court found that a termination was in the children's best interest because Poss "still has not adequately addressed her meth addiction" and Brumley "has not seen G.B. since 2007;" and "[G.B.] does not have a relationship with his father;" and Brumley was not scheduled to be released from prison until September 2014. The court's decision was based on two grounds alleged in the petition—the "12-months-failure-to-remedy" and the subsequent "other factors or issues" grounds. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*); Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*).

II. *Discussion*

A. Standard of Review

We review termination-of-parental-rights cases de novo. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights

must be based upon a finding by clear and convincing evidence that the termination is in the children's best interest. *Id.* The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence produces in the fact-finder a firm conviction that the allegation has been established. *Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1) (2013). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit-court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B).

## B.  Angela Poss

The record shows that the children's mother tested positive for drugs throughout the case and failed, without reasonable excuse, to show up for court-ordered drug screening twenty-four separate times.  Although Poss introduced evidence of a rental agreement she obtained less than one month before the termination hearing, she had moved throughout the case and did not keep DHS advised of her whereabouts.  So DHS was apparently unable to assess the stability or appropriateness of her housing, and the court found that she failed to maintain stable housing.  DHS caseworker Miranda Collins testified that G.B. and C.F. were adoptable and recommended that Poss's rights be terminated and the children be placed with a maternal aunt and uncle.  When the termination convened, Poss had not seen her children in more than six months because her visitation right was tied to passing a drug test, and she did not do that.

After a "full examination of the record" we are persuaded that appealing the court's termination decision as to Poss pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (the subsequent "other factors or issues" ground) "is frivolous." *Linker-Flores v. Ark. Dep't Human Servs.*, 359 Ark. 131, 141, 194 S.W.3d 739, 748 (2004).  Poss was repeatedly non-compliant throughout the case and continued to use drugs without making any serious attempts to remedy her circumstances.  The court's best-interest finding is also supported by the evidence.  Poss's failures to comply with court-ordered drug testing, her positive drug tests, and her unstable housing situation produced the risk of harming the children if returned to her.  The caseworker's testimony about G.B.'s and C.F.'s adoptability, and her

recommendation that Poss's rights be terminated, also supports the court's best-interest finding. *See Reed v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 416, 375 S.W.3d 709.

Counsel overlooked one adverse evidentiary ruling the court made during the termination hearing that impacted Poss. This ruling appears in the abstract on page 57. Our supreme court has held that a failure to discuss every adverse ruling does not prohibit us from granting counsel's motion to withdraw and affirming the termination order, if the rulings clearly did not inject reversible error. *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005). We have reviewed the evidentiary objection and its context and do not believe we must order the point briefed. *See Hardrick v. State*, 47 Ark. App. 105, 885 S.W.2d 910 (1994) (declining to reach appellant's hearsay argument where the objection below was lack of foundation for officer's knowledge). Poss's objection touched on the propriety of a final visit, not the termination decision. So the overlooked adverse ruling clearly did not constitute reversible error.

In her pro se points, Poss essentially argues that "DHS failed to do their part." She cites *Strong v. Arkansas Department of Human Services*, 2013 Ark. App. 278 as a reason to reverse. Her appellate counsel adequately addressed the *Strong*-based argument in the no-merit brief.

We affirm the circuit court's decision to terminate Angela Poss's parental rights and grant counsel's motion to withdraw as to her.

### C. George Brumley

We have reached a different conclusion on George Brumley and the court's decision to terminate his parental rights to G.B. based on the "12-months-failure-to-

7

remedy" and the subsequent "other factors or issues" grounds. He has been in prison since 2007, so he was incarcerated before, during, and after the DHS case. Hearing testimony showed that Brumley had written many letters (at least once a week) to the children while in prison, urged his mother to visit the kids on his behalf, and supported G.B. financially during his incarceration (up to $150 per week). Brumley also participated in three parenting classes, a nine-month drug-treatment behavior-modification program, PALS program, and an 18-month-long Pathway to Freedom life-skills program. Brumley testified that he would be paroled in approximately nine months and he had a sponsor and a place to live when released. That is the so-called good news. The bad news is that, out of the nine years of G.B.'s life, Brumley had only lived with G.B. for approximately six months and had not seen G.B. since being imprisoned. For its part, DHS offered no evidence that it had offered services to Brumley while the case was open.

Brumley's appellate counsel concludes that the court's termination of his parental rights was correct because "[d]espite all of George's efforts, he was in no position to take care of G.B. at the time of the termination hearing, nor would [he] be able to do so in the near future." Counsel argues that a termination was in G.B.'s best interest because Brumley could not provide stability for G.B., and G.B. was adoptable (by a maternal aunt and uncle). Counsel also concludes that the one necessary statutory ground to support the termination, the subsequent "other factors or issues" ground, was satisfied by clear and convincing evidence because, after G.B. was removed from the home, Brumley never obtained employment and income and did not have adequate housing "wherein to bring G.B. home in a reasonable time." Counsel also cites Brumley's mother's testimony that

"we're just waiting for him to get out and get started" as supporting evidence for the termination ground.

The no-merit argument is based on *Hoffman v. Arkansas Department of Human Services*, 2010 Ark. App. 856, 380 S.W.3d 454, and *Criswell v. Arkansas Department of Human Services*, 2014 Ark. App. 255, 435 S.W.3d 26. But these cases do not persuade. Simply summarized, counsel asks us to affirm the court's finding on the subsequent "other factors or issues" ground using *Hoffman*, but *Hoffman* was decided on a "12-months-failure-to-remedy" ground and on a record that does not closely mirror this one. *Criswell* fares no better because it, too, was decided on a different statutory ground than was this case. We affirmed the no-merit termination in *Criswell* based on Ark. Code Ann. § 9-27-341(b)(3)(B)(viii)(*a*) ("The parent is sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juvenile's life[.]"). Here, the imprisonment ground was pled against Brumley in DHS's termination petition, but the court did not terminate Brumley's parental rights on the imprisonment ground. In fact, it marked through/crossed out the imprisonment ground in its order.

This leads us to *Jackson v. Arkansas Department of Human Services*, 2013 Ark. App. 411, 429 S.W.3d 276, where this court held that a father's absence due to imprisonment cannot be a cause of the removal under the 12-months ground (Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*)). Nor is it a subsequent "other factors or issues" ground (Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*)). The arguable issue of merit is that the circuit court erred in terminating Brumley's rights on these two grounds. We therefore deny the

motion to withdraw and order rebriefing. *See Baker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 69.

Finally, we acknowledge Brumley's pro se points but will not discuss them given our decision to order his appeal rebriefed as a merit case.

### III. *Conclusion*

We grant counsel's motion to withdraw as to Angela Poss and affirm the termination of her parental rights to G.B. and C.F.; we deny counsel's motion to withdraw as to George Brumley and order his appeal to be rebriefed as a merit case.

Affirmed in part; motion to withdraw granted in part.

Rebriefing ordered in part; motion to withdraw denied in part.

WYNNE and GLOVER, JJ., agree.

*Dusti Standridge*, for appellants.

*Tabitha B. McNulty*, County Legal Operations, for appellee.