SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-1146

|  |  |
|---|---|
| FRANCESCA MERCADO<br>APPELLANT | **Opinion Delivered:** April 19, 2017 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66JV-16-284] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>APPELLEES | HONORABLE JIM D. SPEARS, JUDGE |
|  | AFFIRMED |

**RITA W. GRUBER, Chief Judge**

Appellant Francesca Mercado appeals from the Sebastian County Circuit Court's order denying her petition for a second medical-expert review.[1] We affirm.

On June 17, 2016, the Arkansas Department of Human Services (DHS) exercised a 72-hour hold on three-month-old A.M. after a medical examination at Arkansas Children's Hospital revealed bone fractures, head trauma, brain damage, and a subdural hematoma. A probable-cause order was entered on August 17, 2016, continuing custody of A.M. with DHS. The court held a hearing on September 12, 2016, after DHS filed a motion to terminate reunification services. Dr. Karen Farst, a specialist in child-abuse pediatrics who examined A.M. at Children's, testified at the hearing that A.M.'s head injury was a "near

---

[1]Appellant's notice of appeal states that she is appealing from the circuit court's adjudication order and order terminating reunification services and the court's order denying her petition for a second medical-expert review. Her sole point on appeal is that the circuit court erred in denying her petition for a separate medical expert.

fatality" and that her injuries were "indicative of physical abuse." Following the hearing, the circuit court adjudicated A.M. dependent-neglected with the stated goal of adoption, and granted DHS's motion to terminate reunification services. The court entered a separate order denying appellant's petition for a second medical-expert opinion. The court attached Rule 54(b) certificates to both orders. This appeal followed.

In juvenile proceedings, the standard of review on appeal is de novo, although we do not reverse unless the circuit court's findings are clearly erroneous. *Metcalf v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 402, at 1, 466 S.W.3d 426, 427. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Coleman v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 851, at 10, 379 S.W.3d 778, 784.

Appellant argues that, because DHS's case was based largely on expert testimony, she should have been permitted to present an alternative theory of how A.M.'s injuries occurred. She argues that she suffered prejudice by the court's denial of her request because she was denied an opportunity to present a defense. She likens her case to *Ake v. Oklahoma*, 470 U.S. 68 (1985), in which the United States Supreme Court held that the basic tools of an adequate defense or appeal shall be provided to defendants who cannot afford to pay for them. She argues that, because the Arkansas Supreme Court has held that the deprivation of parental rights is similar to the deprivation of liberty in criminal cases, the holding in *Ake* should be extended to indigent parents in DHS cases. Her argument is couched as an ineffective-

assistance-of-counsel argument in that she contends that her counsel was "hampered" because she could not afford to pay for a second opinion regarding the likely cause of A.M.'s injuries. Appellant cites no convincing legal authority, nor does she make a convincing argument that reversal is mandated under the circumstances of this case. Assignments of error unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that the point is well taken. *Rodriguez v. Ark. Dep't of Human Servs.*, 360 Ark. 180, 187–88, 200 S.W.3d 431, 436 (2004).

To the extent appellant makes an ineffective-assistance-of-counsel argument on appeal, her argument is not preserved for appellate review. We will not consider a claim of ineffective assistance of counsel as a point on appeal unless the issue was first raised in the circuit court and the facts and circumstances surrounding the claim were fully developed in the circuit court. *Taffner v. Ark. Dep't of Human Servs.*, 2016 Ark. 231, at 10, 493 S.W.3d 319, 326. To the extent she argues that her rights of due process and fundamental fairness were violated, those arguments are not preserved for appellate review. An issue is not preserved for appellate review if it was not presented to the circuit court at the earliest opportunity. *Rose v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 668, at 2. We will not address arguments that were not raised to the circuit court. *Harbin v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 715, at 11, 451 S.W.3d 231, 237.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.
*Andrew Firth*, Office of Chief Counsel, for appellee.
*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.