
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-17-50

| | |
|---|---|
| WILLIAM NORTON, JR.<br>APPELLANT | **Opinion Delivered:** May 10, 2017 |
| V. | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28JV-13-155] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE BARBARA HALSEY, JUDGE |
| APPELLEES | AFFIRMED; MOTION GRANTED |

## RITA W. GRUBER, Chief Judge

Counsel for William Norton brings this no-merit appeal from the October 17, 2016 order of the Circuit Court of Green County terminating his parental rights to A.N., born June 6, 2015. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), his counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal. Counsel has also filed a motion asking to be relieved. We grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.[1]

Termination of parental rights is a two-step process requiring a determination that the

---

[1]The clerk of this court has sent to Norton's last-known address—by restricted delivery, return receipt requested—a certified package containing a copy of counsel's motion and brief, along with a letter informing Norton of his right to file pro se points for reversal. The USPS tracking information reflects a February 13, 2017 status of "Notice Left (No Authorized Recipient Available)" and a March 7, 2017 status of "Unclaimed/Max Hold Time Expired" and "returned to the sender." On May 2, 2017, the clerk's office confirmed that appellant had neither provided a new address nor been in communication with his counsel. To date, no pro se points have been filed.

parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, at 2, 491 S.W.3d 153, 155. The first step requires proof of one or more statutory grounds for termination; the second step, the best–interest analysis, includes consideration of the likelihood that the juvenile will be adopted and of the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3)(B), (A) (Repl. 2015). Each of these requires proof by clear and convincing evidence, which is the degree of proof that will produce in the finder of fact a firm conviction regarding the allegation sought to be established. *Id.* Our review is de novo. *Dunbar v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 472, at 9, 503 S.W.3d 821, 827. The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Houseman*, *supra*. In resolving the clearly erroneous question, the reviewing court defers to the circuit court because of its superior opportunity to observe the parties and to judge the credibility of witnesses. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356, at 7.

In the case now before us, counsel states that—of the multiple statutory grounds found by the trial court—there can be no dispute of the ground that appellant previously had been found by a court of competent jurisdiction to have had his parental rights involuntarily terminated as to a sibling of the child. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*4*); *see Norton v. Ark. Dep't of Human Servs. & Minor Child*, 2016 Ark. App. 43, 481 S.W.3d 780 (affirming the termination of Norton's parental rights to S.N.). Thus, by statute, the prior

involuntary termination of appellant's parental rights to his daughter S.N. (A.N.'s sibling) automatically constituted grounds in the case at bar, leaving no challenge to the "grounds" requirement.

A best-interest determination requires consideration of two factors: (1) the likelihood that the child will be adopted and (2) the potential of harm to the child if custody is returned to a parent. *Cobb v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 85, at 4, ___ S.W.3d ___, ___. Counsel concludes that there was sufficient evidence to support this element of the best-interest analysis and that the Arkansas Department of Human Services (DHS) produced more than sufficient evidence of potential harm.

First, counsel recites uncontroverted evidence that A.N. was likely to be adopted if parental rights were terminated. The foster mother to A.N. and S.N. testified that she desired to adopt them as a sibling group, that she loved them and would love their children as her grandchildren, and that she was "excited" about adopting them. The DHS supervisor, Terri Blanchard, testified that the foster home where the siblings were living was appropriate and that there was no reason the current foster parents could not adopt them. Second, counsel states that DHS produced more than sufficient evidence of potential harm. Regarding the evidence of particular harm that would put A.N. at risk, counsel notes Norton's own admissions that he was unable or unwilling to address the needs of his daughter: he lived in a home that was not appropriate for her, he continued to use illegal substances, he was of the opinion that his rights should be terminated and that the foster family should adopt, and he asked his attorney not to make any arguments on his behalf at the close of the case.

Counsel also addresses the only ruling adverse to Norton during the termination hearing, an objection by the mother's counsel during Blanchard's testimony about appellant's

SLIP OPINION

drug use and courtroom behavior. At the hearing, appellant was lethargic and his testimony was often unintelligible. After he explained, well into his testimony, that he had not been to bed because he had worked the night shift at McDonald's, a drug test was administered to him during a recess. The test results were negative. Blanchard was then asked if she would recommend a child going home with a parent who acted in the manner that appellant had been acting in court—even with no criminal history, a perfect home and "no negatives" about him. She replied, "I would be concerned." The court overruled the objection that the hypothetical was being presented to this lay witness, stating that the question was one of "assessing demeanor and making a placement decision and that's her job."

Counsel concludes that the record clearly and convincingly supports the decision of the circuit court to terminate appellant's parental rights and that any argument challenging the statutory grounds or challenging the best-interest finding would be wholly frivolous. Based on our examination of the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit briefs in termination cases, and we hold that the appeal is without merit.

Affirmed; motion granted.

GLADWIN and VAUGHT, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.