

# ARKANSAS COURT OF APPEALS
DIVISION III
№. CV–17–251

| | |
|---|---|
| FRANCESCA MERCADO<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>APPELLEES | **Opinion Delivered:** October 4, 2017<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FJV-16-284]<br><br>HONORABLE JIM D. SPEARS, JUDGE<br><br>AFFFIRMED; MOTION GRANTED |

## RITA W. GRUBER, Chief Judge

Counsel for Francesca Mercado brings this no-merit appeal from the circuit court's December 28, 2016 order terminating Mercado's parental rights to A.M., who was born on February 27, 2016. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal. Counsel has also filed a motion asking to be relieved. Mercado has filed pro se points. The Arkansas Department of Human Services (DHS) and the minor child's counsel have responded to those pro se points. We grant counsel's motion to withdraw and affirm the termination order.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark.*

*Dep't of Human Servs.*, 2016 Ark. App. 227, at 2, 491 S.W.3d 153, 155. The first step requires proof of one or more statutory grounds for termination; the second step requires consideration of whether termination is in the juvenile's best interest. Ark. Code Ann. § 9-27-341(b)(3)(B), (A) (Repl. 2015). Each of these requires proof by clear and convincing evidence, which is the degree of proof that will produce in the fact-finder a firm conviction regarding the allegation sought to be established. *Id.*

We review termination-of-parental-rights cases de novo. *Norton v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 285, at 2. Our inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Houseman*, *supra.* In resolving the clearly erroneous question, the reviewing court defers to the circuit court's superior opportunity to observe the parties and to judge the witnesses' credibility. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356, at 7.

In *Mercado v. Arkansas Department of Human Services*, 2017 Ark. App. 232, 519 S.W.3d 715 (*Mercado I*), we recounted earlier proceedings in this case:

> On June 17, 2016, the Arkansas Department of Human Services (DHS) exercised a 72-hour hold on three-month-old A.M. after a medical examination at Arkansas Children's Hospital revealed bone fractures, head trauma, brain damage, and a subdural hematoma. A probable-cause order was entered on August 17, 2016, continuing custody of A.M. with DHS. The court held a hearing on September 12, 2016, after DHS filed a motion to terminate reunification services. Dr. Karen Farst, a specialist in child-abuse pediatrics who examined A.M. at Children's, testified at the hearing that A.M.'s head injury was a "near fatality" and that her injuries were "indicative of physical abuse." Following the hearing, the circuit court adjudicated A.M. dependent-neglected with the stated goal of adoption, and granted DHSs' motion to terminate reunification services. The court entered a separate order

denying appellant's petition for a second medical-expert opinion. The court attached
Rule 54(b) certificates to both orders.

*Mercado I*, 2017 Ark. App. 232, at 1–2, 519 S.W.3d at 715–16.  Mercado filed her notice of

appeal in *Mercado I* from the circuit court's orders adjudicating A.M. dependent-neglected,

relieving DHS from providing reunification services, and denying Mercado's petition for a

second medical-expert opinion.  However, her sole point on appeal was that the circuit

court erred in denying her petition for a separate medical expert.  We affirmed.  *Id.* at 3,

519 S.W.3d at 717.

In the order terminating Mercado's parental rights, the circuit court found that the

State had proved two statutory grounds.  The first ground states, as relevant to the present

case:

> (vi) The court has found the juvenile . . . dependent-neglected as a result of neglect
> or abuse that could endanger the life of the child, . . . which was perpetrated by the
> juvenile's parent or parents or stepparent or stepparents.
> . . . .
>> (b) Such findings by the juvenile division of circuit court shall constitute
>> grounds for immediate termination of the parental rights of one (1) or both
>> of the parents;

Ark. Code Ann. § 9-27-341(b)(3)(B)(vi)(a) & (b).  Under the second ground,

a court of competent jurisdiction has found the parent to have subjected any juvenile to

aggravated  circumstances.    Ark.  Code  Ann.  §  9-27-341(b)(3)(B)(ix)  (Repl.  2015).

"Aggravated circumstances" means, in relevant part, that a juvenile has been "chronically

abused, subjected to extreme or repeated cruelty"; or that a determination has been made

by a judge that "there is little likelihood that services to the family will result in successful

reunification."  Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(a)(3)(B)(i).

In termination cases, a challenge to a finding of abuse or aggravated circumstances must be made, if at all, in an appeal from the adjudication hearing. *Hannah v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 502, at 4 (citing *Dowdy v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 180, 314 S.W.3d 722). Here, the two statutory grounds for termination were based on previous findings in the adjudication order. Thus, counsel states in the present no-merit appeal that there can be no challenge to the grounds for termination because they were not challenged in the appeal of the adjudication order.

Counsel also states that the court's best-interest finding does not provide a basis for reversal. The best-interest analysis includes consideration of the likelihood that the juvenile will be adopted and of the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3)(A). Counsel concludes that, particularly in light of our great deference to the circuit court's superior ability to determine credibility of witnesses, there was sufficient evidence to support the circuit court's finding that termination of Mercado's parental rights was in A.M.'s best interest. *Wafford v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 299, at 5, 495 S.W.3d 96, 100.

In addition to the statutory grounds for termination and the court's best-interest analysis, the court made other rulings adverse to Mercado. Counsel's brief includes a discussion of each ruling that was preserved for review, along with an explanation of why reversal is not warranted.

### *Pro Se Points*

Mercado asserts in her pro se points that she did not neglect or abuse A.M. She raises various arguments: (1) even after DHS had stopped providing services, she (Mercado)

finished almost everything she had been asked to do but was given no chance to finish before the case moved to termination; (2) the portion of the expert-witness doctor's testimony "that went along" with Mercado's testimony was treated as a lie; (3) her attorney did not try to get a second expert; (4) her version of events was not considered; (5) the CT scan did not determine the time of injury; (6) the stepfather should not be blamed; and (7) the court wasn't sure about A.M.'s adoptability. DHS and A.M.'s attorney ad litem responded to the pro-se points, incorporating the no-merit brief of Mercado's counsel verbatim and resting on those explanations as to why the detailed adverse decisions are not erroneous. They also respond that Mercado's new arguments cannot be made for the first time on appeal, *Ark. Dep't of Health & Human Servs. v. Jones*, 97 Ark. App. 267, 274, 248 S.W.3d 507, 512 (2007), and that the weight of the evidence was a matter for the circuit court.

We agree with the response of DHS and the attorney ad litem to Mercado's points. Based on our examination of the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit briefs in termination cases, and we hold that the appeal is without merit.

Affirmed; motion granted.

WHITEAKER and BROWN, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

One brief only.