Cite as 2022 Ark. App. 230

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–21–531

| | |
|---|---|
| | Opinion Delivered May 18, 2022 |
| LERAYE ATWOOD<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION<br>[NO. 60JV-20-329]<br><br>HONORABLE TJUANA BYRD, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BRANDON J. HARRISON, Chief Judge**

LeRaye Atwood appeals a Pulaski County Circuit Court order terminating her parental rights to her children SA1, HA, and SA2. (The order also terminated the parental rights of Scott Atwood, the children's father, but he is not a party to this appeal.) Atwood's counsel has filed a no–merit brief and motion to withdraw as counsel pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(j) (2021). The clerk of this court delivered a copy of counsel's brief and motion to withdraw to Atwood, advising her of her right to file pro se points for reversal pursuant to Ark. Sup. Ct. R. 6-9(j)(3), and she has filed pro se points. We affirm and grant counsel's motion to withdraw.

On 4 March 2020, the Arkansas Department of Human Services (DHS) received a report for educational neglect; SA1, HA, and SA2 (ages eleven, eight, and seven

respectively) were not enrolled in school or in a home-schooling program. Further investigation revealed that the family did not have transportation, currently lived in a Motel 6, and would be homeless as of March 13 unless alternative housing could be found. DHS attempted to find shelters, host families, and other housing resources for the Atwoods, but none were available. One host family was identified but was rejected by Atwood. DHS also learned that the Atwoods had previous involvement with child-protective services in New York and that the family fled after being served with notice of a hearing. DHS exercised a seventy-two-hour hold on the children because the parents were unable to provide shelter, food, clean clothes, and basic necessities; the children had not been in school since December 2019; and concern that the parents would flee. Another seventy-two-hour hold was taken on March 16; the parents were homeless and "just walking the streets."

On March 17, DHS petitioned the circuit court for emergency custody, which was granted. On May 28, the circuit court adjudicated the children dependent-neglected based on parental unfitness and neglect, specifically homelessness, not enrolling the children in school, and not providing the children's basic necessities of shelter, food, and clothing. The parents were instructed to complete parenting classes, obtain stable housing and employment, submit to drug-and-alcohol screens, undergo a drug-and-alcohol assessment, complete a psychological evaluation, and undergo therapy.

In September 2020, the circuit court found that the parents were trying to comply with the court orders but still needed to obtain adequate housing. In February 2021, the court found that very little in the case had changed since March 2020 and that the biggest hurdles in achieving reunification were Atwood's mental-health issues and lack of suitable

2

housing. The circuit court "reluctantly" continued the goal of reunification. At the fifteen-month review hearing, the circuit court changed to goal of the case to adoption. The court stated that it was "not comfortable that this family is stable and believes that placing these three children with these parents would put them at risk of harm of further instability in their housing and basic necessities." The court also found potential harm based on Atwood's failure to address her own mental health.

DHS petitioned to terminate parental right on 25 May 2021. DHS alleged statutory grounds of failure to remedy, subsequent factors, and aggravated circumstances. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)*, (vii)*(a)* & (ix)*(a)(3)* (Supp. 2021). The circuit court convened a termination hearing in July 2021. Elizabeth Oldridge, an adoption specialist, testified that she found twenty-five matches for the three-sibling set in Arkansas. She also stated that there were no barriers to adoption and that adoption would likely occur if parental rights were terminated.

Atwood testified that she was living at the Candlewood Suites in Little Rock but had applied for homes through the housing authority. She said that twenty-five applications had been denied because she does not have enough income. Although her husband was currently supporting her, she was seeking a divorce. She said that she receives approximately $800 a month in Social Security benefits and that her husband planned to continue helping her financially even after the divorce. She expressed her belief that the children should be returned to her and that her current living situation was appropriate. She opined that she had remedied the cause for removal because she was taking her prescribed medication for

anxiety and depression and looking for a place to live. On cross-examination, she agreed that she has bipolar disorder and agoraphobia but said she did not need to be in therapy.

Trevor Dye, the DHS caseworker, testified that DHS still had concerns about Atwood's treatment of her mental health. DHS also had concerns about Atwood's ability to provide safe, appropriate housing and basic necessities for the children. Dye explained that DHS was seeking termination of parental rights because although the case had been open fifteen months, "virtually nothing has changed with the living situation," and the children need permanency.

The circuit court ruled from the bench that Atwood's parental rights would be terminated. The court's written order found that DHS had proved all three statutory grounds as pled in its petition and that termination was in the children's best interest. The court noted that if returned to Atwood's custody, the children faced potential harm from continued instability and a lack of basic needs. Atwood filed a timely notice of appeal from the circuit court's order.

A circuit court's order that terminates parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3); *Dinkins v. Ark. Dep't of Hum. Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Clear and convincing evidence is proof that will produce in the fact-finder a firm conviction on the allegation sought to be established. *Dinkins, supra.* On appeal, we will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining

4

whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit court to assess the witnesses' credibility. *Id.* Only one ground is necessary to terminate parental rights. *Lee v. Ark. Dep't of Hum. Servs.*, 102 Ark. App. 337, 285 S.W.3d 277 (2008).

Arkansas Supreme Court Rule 6-9(j)(1) allows counsel for an appellant in a termination case to file a no-merit brief and motion to withdraw if, after studying the record and researching the law, counsel determines that the appellant has no meritorious basis for appeal. The brief must include an argument section that includes all circuit court rulings that are adverse to the appellant on all objections, motions, and requests made by the party at the hearing from which the appeal arose and an explanation why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(j)(1)(A). Additionally, the brief's abstract and addendum are required to contain all rulings adverse to the appellant made by the circuit court at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(j)(1)(B). In evaluating a no-merit brief, the issue for the court is whether the appeal is wholly frivolous or whether there are any issues of arguable merit for appeal. *Linker-Flores*, *supra*.

In her no-merit brief, counsel explains that any challenge to the statutory grounds for termination of Atwood's parental rights would be frivolous. Counsel notes that only one statutory ground for termination is required to be proved and argues that, in this case, there was clear and convincing evidence to support the aggravated-circumstances ground, which states that parental rights may be terminated when a court has determined that there is little likelihood that services to the family will result in successful reunification. *See* Ark.

5

Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)(A)* & *(B)*. Counsel explains that at the beginning of the case Atwood was living in a motel room and would soon be homeless; that at each hearing, Atwood was still living in a motel room; and that the only change at the termination hearing was that she had moved to a new hotel room the day before the termination hearing. After over a year of services and testimony that she and her husband earned approximately $4400 a month, Atwood was still temporarily living in a hotel room and claimed that she could find a home in the next month or so.

This court has recognized that a stable home is one of a child's most basic needs and has affirmed the termination of parental rights when a parent is unable to meet that need. *See Latham v. Ark. Dep't of Health & Hum. Servs.*, 99 Ark. App. 25, 256 S.W.3d 543 (2007) (holding that evidence was sufficient to support a finding that termination of father's parental rights was in child's best interest due to father's failure to provide a stable home). Counsel asserts that based on the evidence presented, no meritorious argument can be made that the circuit court erred in finding that there was little likelihood that additional time and services would allow Atwood to provide this basic need and result in reunification.

With regard to best interest, counsel notes that the adoption specialist's testimony provided sufficient evidence that the children are adoptable. Counsel also argues that the circuit court had sufficient evidence to find potential harm, noting Atwood's history of continued instability. Again, after sixteen months of DHS involvement, Atwood had no stable housing and was unable to articulate how she would meet her children's basic needs. Considering this evidence, and the tenet that past behavior can be a predictor of likely potential harm, counsel contends that the circuit court did not clearly err in finding that

6

termination is in the children's best interest. *See Cobb v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 85, 512 S.W.3d 694 (stating that a parent's past behavior is often a good indicator of future behavior).

Out of an abundance of caution, counsel also addresses Atwood's expressed desire to reunite with her children, which could be construed as a request for additional time to work toward reunification. By terminating Atwood's parental rights, the circuit court denied that request. Counsel argues that no meritorious argument can be made that the court erred in denying the request because a child's need for permanency overrides a parent's request for additional time to improve circumstances, and courts will not enforce parental rights to the detriment of the well-being of the child. *McElwee v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 214, 489 S.W.3d 704.

In her pro se points, Atwood presents her version of the facts of the case and complains that she was not able to exercise visitation as promised. She also laments a lack of communication with Trevor Dye, the caseworker. DHS and the minor children correctly assert that to the extent any legal arguments are presented, they are new arguments and cannot be made for the first time on appeal. *See, e.g.*, *Mercado v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 495. Also, any argument challenging the sufficiency of the circuit court's best-interest and statutory-ground findings would require this court to reweigh the evidence and override the circuit court's credibility determinations, which we cannot do. *McCord v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 244, 599 S.W.3d 374.

We hold that the circuit court had sufficient evidence on which to find that it was in the children's best interest for Atwood's rights to be terminated and that statutory grounds

for termination existed.  Thus, we grant counsel's motion to withdraw and affirm the termination of Atwood's parental rights.

Affirmed; motion to withdraw granted.

VIRDEN and VAUGHT, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.